**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

ROBERT ALLEN,

      Plaintiff,

vs.

KEY WEST ART AND HISTORICAL
SOCIETY, INC.

      Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

As provided by 42 U.S.C. §1441 *et seq.,* Defendant, KEY WEST ART AND HISTORICAL SOCIETY, INC. ("Defendant"), hereby files this Notice of Removal of the above-styled action from the Circuit Court of the Sixteenth Judicial Circuit, in and for Monroe County, Florida, where the action is now pending under Case Number 18-CA-94-K, to the United States District Court for the Southern District of Florida.  In connection with this Notice of Removal, Defendant states:

1.     The above-styled action was commenced by Plaintiff, ROBERT ALLEN ("Plaintiff"), in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, by the filing of a Complaint on February 1, 2018.  Defendant received a copy of the Complaint on February 23, 2018.  The Complaint is attached hereto as Exhibit A.  Defendant did not receive a copy of the Complaint prior to February 23, 2018.

2.     The action, which is of a civil nature, involves claims by Plaintiff under federal and state anti-discrimination law. Specifically, Plaintiff claims that Defendant intentionally discriminated against him on account of his disability and denied Plaintiff reasonable

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

accommodations. Plaintiff also claims retaliation, in violation of state and federal anti-discrimination law. Specifically, Plaintiff asserts four counts: Court I - Florida Civil Rights Act for Disability Discrimination ("FCRA"); Count II - American With Disabilities Act Amendments of 2008 for Disability Discrimination ("ADAAA"); Count III – Florida Civil Rights Act for Retaliation ("FCRA"); and Count IV – Americans with Disabilities Act Amendments of 2008 for Retaliation ("ADAAA").

3. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1441(a), since Plaintiff is alleging violations of a federal statute – the Americans with Disabilities Act, as amended (42 U.S.C. §12112, et seq.).

4. As noted above, Defendant first received a copy of the Complaint on February 23, 2018. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

5. To date, the only pleading which Defendant has received is the Complaint, a copy of which is attached as Exhibit A.

6. Given that the above-styled state court action is pending in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, this case is removable to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

7. Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## MEMORANDUM OF LAW

**A.      The United States District Court Has Jurisdiction Over this Matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]"  28 U.S.C. §1441(a).  In the instant case, original jurisdiction is available under either 28 U.S.C. §1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This civil action purports to arise under federal law, since Plaintiff alleges that Defendant violated the Americans with Disabilities Act, as amended (42 U.S.C. §12112, et seq.).  The Court should take pendant jurisdiction of the Plaintiff's claim under the Florida Civil Rights Act, since it arises from the same alleged facts as the Plaintiff's federal claims.

**B.      Defendant Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

Paragraphs 1 through 7 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332) and the factual support for that jurisdiction.  Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain

statement of the grounds for removal accompany any notice of removal.  In addition, this notice has annexed to it, as Exhibit A, a copy of all process, pleadings and other papers that have been served on Defendant in compliance with 28 U.S.C. §1446.

**C.**      **<u>Conclusion</u>**

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

WHEREFORE, Defendant, KEY WEST ART AND HISTORICAL SOCIETY, INC, hereby gives notice that the state court action pending in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, under Case No. 18-CA-94-K is removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 15th day of March, 2018.

**_s/ Jose I. Leon_**

Jose I. Leon, Esq.
Florida Bar No. 0958212
jleon@gordonrees.com
GORDON & REES
SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  305-428-5322
Facsimile:   877-644-6209
***Counsel for Defendant***
***Key West Art and Historical Society, Inc.***

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2018, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List by electronic mail.

**_s/ Jose I. Leon_**
Jose I. Leon, Esq.

**Service List**

Christopher D. Gray, Esq.
chris@fgbolaw.com; Debbie@fgbolaw.com
Wolfgang M. Florin, Esq.
wolfgang@fgbolaw.com
Robin M. Orosz, Esq.
robin@fgbolaw.com
FLORIN GRAY BOUZAS OWENS, LLC
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
***Counsel for Plaintiff***

1129208/37144709v.1

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131